UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| WYNNEWOOD REFINING COMPANY, LLC,<br><br>             Petitioner,<br><br>  v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>             Respondent. | Case No. 25-60043 |

**UNOPPOSED MOTION TO EXPEDITE RULING
ON URGENT UNOPPOSED MOTION
FOR STAY PENDING JUDICIAL REVIEW**

Petitioner Wynnewood Refining Company, LLC has a pending urgent motion before this Court seeking a stay of its obligation under the Renewable Fuel Standard ("RFS") for the 2023 compliance year—the compliance deadline for which is soon approaching. The government has notified this Court that it does not oppose that stay motion. Wynnewood faces ongoing, severe irreparable harm every day without a stay. This Court has previously granted very similar stay relief to Wynnewood. And the Court has just recently granted another small refinery's motion for a 2023 RFS stay under virtually identical circumstances. Wynnewood therefore respectfully requests that this Court expedite its consideration of the urgent, unopposed stay motion and grant that motion. The government does not oppose this motion for expedited treatment.

1

## BACKGROUND

This case involves a petition for review brought by Wynnewood challenging an EPA administrative action issued in January 2025 that denied Wynnewood's petition for a hardship exemption from the RFS for the 2023 compliance year. Shortly after filing the petition for review, Wynnewood on January 31, 2025 filed in this Court an urgent motion for a stay of its 2023 RFS compliance obligation pending judicial review. Doc. 7; see Doc. 3. Wynnewood's motion asked the Court to grant the stay as soon as possible, because the compliance deadline is fast approaching, and Wynnewood faces ongoing irreparable harm without a stay. Wynnewood's motion also explained that this Court has previously granted very similar stay relief to Wynnewood in prior years. EPA responded to that motion on February 10, informing this Court that it does not oppose the stay that Wynnewood seeks. Doc. 23. This Court has not yet ruled on that unopposed motion. But Wynnewood needs relief urgently from this Court because it faces severe irreparable harm every day, as described in Wynnewood's motion.

Yesterday, EPA moved to hold this case in abeyance so that it can brief the new administration on the matter. Doc. 29. Through conversations with EPA counsel, Wynnewood's counsel understands that both parties agree that the government's requested abeyance was not meant to forestall this Court granting the stay that Wynnewood had previously requested by motion. In other words, all parties are in

agreement about their mutual requests of the Court in this case: the Court should grant the stay requested by Wynnewood, and thereafter the case can go into abeyance so that EPA can brief the new administration on appropriate next steps. EPA's abeyance motion included Wynnewood's position: "Petitioner does not oppose the requested abeyance, so long as this Court grants the unopposed motion for a stay of the RFS compliance obligation pending judicial review. By granting that unopposed motion expeditiously, this Court can mitigate the ongoing irreparable harm to Petitioner." Doc. 29 at 1.

Yesterday afternoon, this Court granted the government's abeyance motion. Doc. 33. But Wynnewood's stay motion remains pending.

## ARGUMENT

Wynnewood respectfully asks this Court to expedite its ruling on Wynnewood's unopposed, urgent stay motion. EPA does not oppose the stay, nor does it oppose this Court expediting the ruling on that motion.

Wynnewood needs an expedited ruling because it faces severe and ongoing irreparable harm every day that goes by. As detailed in Wynnewood's sealed declaration supporting the stay motion, Doc. 7-2, the 2023 compliance deadline is fast approaching, which would trigger disastrous and irretrievable harms to Wynnewood. In the meantime, Wynnewood is suffering extremely burdensome financial harm. Without a stay, Wynnewood has no choice but to spend significant, unrecoverable resources on contingency planning. And the uncertainty about whether a

stay will be entered is having a very material adverse impact on the operation of Wynnewood's business. An expeditious ruling from this Court on the unopposed stay motion will lift that uncertainty in the short term, mitigate Wynnewood's ongoing irreparable harm, and prevent Wynnewood from continuing to incur the significant expenses associated with preparing for the possibility of not receiving a stay.

As described in the stay motion, this Court has previously granted similar stays of Wynnewood's RFS obligation for prior years. Doc. 7-1 at 3. Moreover, this Court just recently granted an unopposed motion to stay another small refinery's 2023 RFS compliance obligation in *Calumet Shreveport Refining, LLC* v. *EPA*, No. 25-60042, Doc. 24 (5th Cir. Feb. 13, 2025). The arguments presented to this Court in the granted *Calumet Shreveport* stay motion are very similar to Wynnewood's arguments here. And the government's non-opposition is identical. In the interest of maintaining uniformity in this Court's decisions, Wynnewood respectfully requests that this Court grant its stay motion—and do so as soon as possible to prevent further irreparable harm.\*

---

\* If necessary to grant the stay motion, Wynnewood respectfully requests that this Court briefly lift the abeyance for the limited purpose of allowing the Court to rule on the stay motion. If the stay motion is granted, then Wynnewood does not object to the government's requested abeyance. If the stay motion were denied or were not ruled on, however, then Wynnewood would have no choice but to object to the abeyance and would instead submit a request to this court for expedited briefing in the hope of limiting its irreparable harm.

## CONCLUSION

This Court should expedite its consideration of Wynnewood's stay motion and should grant as soon as possible an urgent stay of Wynnewood's 2023 RFS compliance obligation pending resolution of this case.

| | |
|---|---|
| Dated:  February 28, 2025 | Respectfully submitted, |
| LeAnn Johnson Koch<br>Alexandra Magill Bromer<br>PERKINS COIE LLP<br>700 Thirteenth Street, N.W.,<br>Suite 800<br>Washington, D.C.  20005-3960<br>Telephone:  202.654.6297<br>Facsimile:  202.654.6211<br>Leannjohnson@perkinscoie.com<br>ABromer@perkinscoie.com | *s/ Michael R. Huston*<br>Michael R. Huston<br>Karl J. Worsham<br>Jordan M. Buckwald<br>PERKINS COIE LLP<br>2525 East Camelback Road,<br>Suite 500<br>Phoenix, AZ  85016<br>Telephone:  602.351.8000<br>Facsimile:  602.648.7000<br>MHuston@perkinscoie.com<br>KWorsham@perkinscoie.com<br>JBuckwald@perkinscoie.com<br><br>*Attorneys for Wynnewood Refining Company, LLC* |

# CERTIFICATE OF COMPLIANCE

This document complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,138 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word (the same program used for the word count.

Dated: February 28, 2025

                                         *s/ Michael R. Huston*
                                         Michael R. Huston
                                         PERKINS COIE LLP

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals under seal by using the CM/ECF system for sealed events. I certify that service to all participants in the case will be accomplished by electronic mail.

Dated: February 28, 2025

                                       *s/ Michael R. Huston*
                                       Michael R. Huston
                                       PERKINS COIE LLP